UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-00096-25-JRG |
| | ) | |
| CARL FRANKLIN BLANKENSHIP | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's "Motion for Re-Sentencing," which the Court construes as a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. 1358]. The Federal Defender Services of Eastern Tennessee has reviewed Defendant's motion and filed a notice, indicating that it does not intend to file a supplement on his behalf. [Doc. 1381]. The United States filed a response in opposition [Doc. 1391]. As discussed below, Defendant's motion will be **DENIED**.

**I.     BACKGROUND**

In July 2021, Defendant pled guilty to conspiracy to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). [Docs. 988, 1000]. The Court sentenced Defendant to 115 months' imprisonment, to be served concurrently with his state sentences for probation revocation in the Circuit Court of Buchanan County, Virginia, and any sentence imposed in two matters pending in the Sullivan County General Sessions Court. [Doc. 1244]. The Court also recommended he participate in the Residential Drug Abuse Program. [*Id.*]. Following sentencing, Defendant was returned to state custody, where he had been held prior to his appearances in federal court. [Doc. 1248].

In February 2024, Defendant filed the instant motion, asking the Court to release him from his federal sentence. [Doc. 1358]. In support of that request, he asserts that (1) he is being held in

state custody, without access to Bureau of Prisons ("BOP") rehabilitative programs, and therefore there is no purpose in his continued incarceration and (2) he wants to provide for his family. [Doc. 1358].

As an initial matter, the Court notes that Defendant's first argument is moot. According to the BOP website, Defendant is now housed at Gilmer FCI, with a projected release date in February 2032. Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (accessed Apr. 22, 2025). Hence, Defendant is no longer held in state custody and should be afforded an opportunity to take part in BOP's rehabilitative programs. The Court will address Defendant's second argument—regarding his desire to serve as a caregiver for his family—below.

## II. DISCUSSION

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), a district court is authorized to reduce a defendant's sentence if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).[1]

---

[1] Generally, before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request— whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Defendant has not shown, or alleged, that he fulfilled the exhaustion requirement. However, the United States has waived an exhaustion defense in this case, given that Defendant was not yet in BOP custody when he filed the motion. [Doc. 1391 at 3].

Here, Defendant maintains that his desire to help his family warrants his immediate release. [Doc. 1358 at 2–3]. In support of that argument, he asserts that his father has lung cancer that has spread to other parts of his body and his mother has early stage dementia. [*Id.* at 2]. In addition, Defendant states that he has a daughter and nine-year old son, who are currently in the custody of his parents. [*Id.*]. Given these issues, Defendant asks the Court to release him so that he can "be home, working, helping [his] parents, taking care of [his] kids and handling [his] responsibilities as a man and a father." [*Id.* at 3].

"The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may be an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(3)(C). However, Defendant has not provided the Court with any documentation showing that his parents are incapacitated. Nor has he demonstrated that he is the only available caregiver. Moreover, "the death or incapacitation of the caregiver of the defendant's minor child[ren]" is an extraordinary and compelling reason for release. U.S.S.G. § 1B1.13(b)(3)(A). But again, Defendant has not shown that his parents, who have custody of his children, are incapacitated. The Court commends Defendant on his desire to help his family. But he has not shown that his family situation presents an extraordinary and compelling reason for his release.

### III. CONCLUSION

Because Defendant has not provided an extraordinary and compelling reason for release, his motion [Doc. 1358] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
